WEBSTER, Appellant, vs. INDUSTRIAL COMMISSION and another, Respondents.

*October 13—November 14, 1944.*

For the appellant there was a brief by *Rieser & Mathys* of Madison, and oral argument by *C. G. Mathys*.

For the respondent there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan*.

WICKHEM, J. Wilbur J. Webster was the husband of plaintiff. He was killed in an automobile accident on August 14, 1942. According to the testimony before the commission, Webster at the time of his death was engaged in selling devices known as Flash A Calls for the Inter-Communications System of America. He had been so engaged since the latter part of 1941 and he spent all his time selling the equipment which is a loud-speaker system installed in schools, shops, stores, etc. He devoted all his time to this business, received a commission of forty per cent of the sales made and made all installations. He hired no assistants. There was no further evidence as to his relation to the Inter-Communications System of America. There was an admission in the record that during the years 1939, 1940, and up to August of 1942, it (Inter-Communications System of America) had authorized three or more solicitors in addition to

dealers and merchants to procure purchase orders in Wisconsin. Webster had on hand a considerable amount of literature consisting of explanations of the system and sales talk. The commission found as facts on the foregoing evidence "that the proof does not establish that deceased was an employee of respondent at the time of his fatal injury, nor that he was an independent contractor performing service in the course of the trade, business, profession or occupation of the respondent at the time of his injury; that the proof does not establish that the respondent had at any time prior to or on August 14, 1942, had three employees in service in the state of Wisconsin, or that it had carried workmen's compensation insurance under provisions of the compensation act of Wisconsin, or had affirmatively elected to become subject to such act."

Plaintiff contends that since the evidence is undisputed the question for this court is one of law. Defendants make the usual contention that a finding of fact is involved and that it is supported by the evidence.

The testimony is concededly meager due to plaintiff's lack of knowledge and defendant company's refusal, because of its jurisdictional contentions, to make any disclosures other than those heretofore indicated. Plaintiff contends, however, that sec. 102.07, Stats., is applicable to the case and, taken in connection with pre-existing rules as to presumptions, requires the commission to hold that defendant, Inter-Communications System of America, is an employer with three employees in the state of Wisconsin and that decedent was an employee for the purposes of the compensation act.

Sec. 102.07 (8), Stats., enacted by ch. 261, Laws of 1939, reads as follows:

"(8) Every independent contractor who does not maintain a separate business and who does not hold himself out to and render service to the public, provided he is not himself an employer subject to this chapter or has not complied with the conditions of subsection (2) of section 102.28, shall for

the purpose of this chapter be an employee of any employer under this chapter for whom he is performing service in the course of the trade, business, profession or occupation of such employer at the time of the injury."

Plaintiff's argument runs thus: Under the doctrine of *Habrich v. Industrial Comm.* 200 Wis. 248, 227 N. W. 877; *Montello Granite Co. v. Industrial Comm.* 227 Wis. 170, 183, 278 N. W. 391, and numerous cases cited in the *Montello Case,* it is established that "When a person is injured while performing services for another, a presumption arises in favor of the injured person that he is an employee of the person for whom the service is being performed, and not an independent contractor." Plaintiff argues that the record establishes without dispute that Webster was performing service for Inter-Communications System of America. This being true, plaintiff contends that it must be presumed that he was an employee, and that the fact that he paid his own expenses, was paid on a commission basis, worked when he pleased, and was not subject to control as to details, are now immaterial, in view of the adoption of sub. (8) of sec. 102.07, Stats., since proof that he was an independent contractor would not rebut the presumption of his being an employee but in fact would establish his status as such.

Plaintiff argues that the presumption requires the commission to find an employee status in the absence of rebutting evidence. A presumption is said in *Tiffany v. Industrial Comm.* 225 Wis. 187, 192, 273 N. W. 519, to be "resorted to for the purpose of determining where the burden of proof lies, it merely appearing that one person is in the service of another. It does not compel the trier of fact to reach the conclusion except in the absence of evidence to the contrary from the opponent." It is claimed that this implies that a presumption has the same effect in matters before the Industrial Commission that it has in other trials, and that it requires the

commission, in the absence of rebutting testimony, to draw the conclusion called for by the presumption. Plaintiff's position in this respect is probably well taken, although it is not necessary to decide the point here.

The real question here is not that proposed by plaintiff. Rather it is whether the commission is required to accept as a verity that Webster was in the service of the Inter-Communications System of America. There is no evidence whatever as to the contract under which he operated with his alleged employer except that he did sell the product and received what are designated by the company as "profits" and by the plaintiff as "commissions." There is no evidence that he was not maintaining a separate business and holding himself out to render services to the public, and the fact is that he did install these communications systems himself. If he were a roofing contractor authorized to handle a particular brand of roof and held himself out to the public as a roofing contractor he would not be performing service for the company whose product he happened to handle. There is no evidence in this case that would compel the conclusion that he was not in substance a dealer engaged in business of his own, holding himself out to render service to the public. The meagerness of evidence on this point warranted the commission in entertaining a legitimate doubt whether Webster was in the service of the Inter-Communications System of America at all. This being true, there would be no room for the presumption to operate and we are compelled to conclude that the order of the Industrial Commission is supported.

What is said here concerning the merits of the case is also applicable upon the jurisdictional point raised. The only evidence relative to the company having three employees in this state is that during the years 1939, 1940, and up to August of 1942, it had authorized three or more solicitors in addition to dealers and merchants to prepare purchase orders in Wisconsin. There is no disclosure as to what the contractual re-

lations between these solicitors and the defendant company were, and no evidence as to whether the company had these three solicitors at any one time as required by sub. (2) of sec. 102.05, Stats. Hence, we conclude that the plaintiff's proof failed on the jurisdictional point.

*By the Court.*—Judgment affirmed.